UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KARON GORDON, LEO FELDER, and RAYSHAWN
LAWRENCE,

                         Plaintiffs,

      -against-

CITY OF NEW YORK, RAYMOND WITTICK, DOMINICK
CAMINITI, and CORNEL BUCKLEY (individually and in their
official capacities),

                         Defendants.

-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ OCT 15 2010 ★
BROOKLYN OFFICE

COMPLAINT

Docket No.

Jury Trial Demanded

DEARIE, CH.
MANN. M.J.

CV 10-4755



      Plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KARON GORDON is a thirty year old African American man residing in Staten Island, New York.

7. Plaintiff LEO FELDER is a thirty year old African American man residing in Staten Island, New York.

8. Plaintiff RAYSHAWN LAWRENCE is a twenty-seven year old African American man residing in Atlanta, Georgia.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants, RAYMOND WITTICK, DOMINICK CAMINITI, and CORNEL BUCKLEY, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.  On October 17, 2007, at approximately 5:00 p.m., plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE, were lawfully present in front of 242 Benziger Avenue, Staten Island, New York when the defendants falsely arrested plaintiffs by handcuffing plaintiffs.

15.  Thereafter, the defendants imprisoned plaintiffs in the NYPD's 120th precinct, and in Richmond County Criminal Court until October 19, 2007 when plaintiffs were arraigned on baseless charges filed against him based on the false allegations of defendant WITTICK. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

16.  As a result of the false allegations and false statements of the defendants, Judge Desmond Green, Criminal Court, Richmond County, set $25,000 bail on plaintiff LAWRENCE and $350,000 bail on plaintiff GORDON. Plaintiff LAWRENCE was imprisoned on Riker's Island from October 19, 2007 through November 2, 2007, when plaintiff LAWRENCE posted bail. Plaintiff GORDON was imprisoned on Riker's Island from October 19, 2007 through November 14, 2007, when plaintiff GORDON was released on his own recognizance.

3

17. On December 3, 2007, Justice Leonard Rienzi, Supreme Court, Richmond County, dismissed all charges filed in the indictment against plaintiffs. Upon information and belief, Judge Rienzi dismissed the indictment based on his review of the Grand Jury minutes.

18. Defendant BUCKLEY supervised defendants WITTICK and CAMINITI and approved of, oversaw, and otherwise presided over the defendants' arrests and prosecutions of the plaintiffs.

19. All of the above occurred while defendants BUCKLEY, WITTICK, CAMINITI and other involved NYPD officers failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees, and due to discrimination against plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE due to their race.

21. As a result of the foregoing, plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiffs KARON GORDON, LEO

4

FELDER, and RAYSHAWN LAWRENCE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants arrested plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE without probable cause, causing them to be detained against their will for an extended period of time and subjected them to physical restraints.

30. Defendants caused plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE.

33. Defendants caused plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE to be prosecuted without any probable cause until the charges were dismissed on December 3, 2007.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants maliciously issued criminal process against plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE by causing them to be arraigned and prosecuted in Criminal Court and Supreme Court.

36. Defendants caused plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants had an affirmative duty to intervene on behalf of plaintiffs KARON

GORDON, LEO FELDER, and RAYSHAWN LAWRENCE whose constitutional rights were being violated in their presence by other officers.

39. The defendants failed to intervene to prevent the unlawful conduct described herein.

40. As a result of the foregoing, plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE were falsely arrested, their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

**AS AND FOR AN SIXTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The defendants falsely arrested and maliciously prosecuted plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

43. As a result of the foregoing, plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE were deprived of their rights under the Equal Protection Clause of the United States Constitution.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

7

45. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing or falsifying evidence in an effort to convict such individuals and/or in accordance with a "Blue Wall of Silence." In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the

8

CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE.

50. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE were unlawfully seized, detained, imprisoned and prosecuted.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE'S constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

  B.   To be free from seizure and arrest not based upon probable cause;

  C.   To be free from malicious abuse of process and/or malicious prosecution;

  D.   To be free from false imprisonment/arrest;

  E.   To receive equal protection under law;

  F.   To be free from the failure to intervene.

55.  As a result of the foregoing, plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE demand judgment and pray for the following relief, jointly and severally, against the defendants:

  (A)  full and fair compensatory damages in an amount to be determined by a jury;

  (B)  punitive damages in an amount to be determined by a jury;

  (C)  reasonable attorney's fees and the costs and disbursements of this action; and

  (D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   October 15, 2010

           LEVENTHAL & KLEIN, LLP
           45 Main Street, Suite 230
           Brooklyn, New York 11201
           (718) 722-4100
           By: _____
              BRETT H. KLEIN (BK4744)

           Attorneys for Plaintiffs KARON GORDON, LEO FELDER, and RAYSHAWN LAWRENCE